PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1995 Oldsmobile Cutlass Supreme struck a hole while he was driving on County Route 3, locally designated Coal River Road, in St. Albans, Kanawha County. County Route 3 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:30 p.m. on January 17,2009. Route 3 is a two-lane paved road with a speed limit between forty-five and fifty miles per hour. On the date of the incident there was snow on the ground beside the road. Claimant testified that he regularly drives the road in
*218 question during the summer, but that he had not driven the road for several months before the incident. Claimant stated that the he was driving south on Route 3 towards Tornado, about a mile from Main Street, at approximately forty miles per hour when his vehicle struck a hole three to four inches deep located in the middle of the road in a straight area of the roadway. According to Mr. Garrett, the impact of hitting the hole caused his vehicle’s timing belt to bréale and the engine to immediately seize. Claimant stated that he purchased his vehicle a year before with just over 100,000 miles on it, and he had had it subsequently tuned. As a result of this incident, Claimant’s vehicle sustained damage to its engine in the amount of $1,540.00. Claimant’s insurance declaration sheet indicated that he had liability insurance only.
The position of the Respondent is that it did not have actual or constructive notice of the condition on County Route 3 at the site of the Claimant’s accident, and further that this was not the actual or proximate cause of the damage. Barbara Engelhardt, Highway Administrator for the Respondent in Kanawha County, testified that at the time of Claimant’s incident, crews for Respondent were involved in snow removal and ice control. According to Ms. Engelhardt, Respondent agency was aware of the condition of the road and patched the holes with cold mix as quickly as possible, but that the snowplows would remove patches during snowremoval. Based on photographs taken by the Claimant, and admitted into evidence, it was Ms. Engelhardt’s position that the hole could only be approximately two inches deep and would not cause a jolt or interfere with driving.
Harold Hazlewood, Lead Mechanic for the Respondent in Kanawha County, testified that he is responsible for the repair and preventative maintenance of all Respondent’s transportation vehicles, including passenger vehicles. Mr. Hazlewood stated that in the 3 8 years he has been a mechanic he has never seen an incident where hitting a hole has caused a timing chain to break. According to Mr. Hazlewood, the most likely cause of such damage would be excessive wear on the timing chain caused by high mileage. However, Mr. Hazlewood conceded that wear on a timing chain would show up during a regular tune up.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep't of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct.Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had at least constructive notice of the broken section of pavement which Claimant’s vehicle struck and that the broken pavement presented a hazard to the traveling public. Photographs in evidence depict the broken section of pavement provide the Court an accurate portrayal of the size and location of the broken pavement on County Route 3. The size of the broken section of pavement which covered most of the lane being traversed by the Claimant leads the Court to conclude that Respondent had notice of this hazardous condition and that Respondent had an adequate amount of time to take corrective action. Additionally, the Court is not convinced that the hazard present was not, in fact, a proximate cause of the damage to Claimant’s vehicle. Thus, the Court finds Respondent negligent and Claimant may make a recovery for the damage to his vehicle.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of *219 $1,540.00.
Award of $1,540.00.